Mike Ward Butler County Attorney 214 W. Central El Dorado, Kansas 67042
Dear Mr. Ward:
You request our opinion concerning whether a fire district organized pursuant to K.S.A. 19-3601 et seq. may contract with a city to enforce the latter's fire prevention code. We understand that the city of Andover has no fire department and relies upon Butler county fire district no. 1 for fire protection services by virtue of the city's inclusion in the fire district. The city is considering enacting the uniform fire prevention code which would address subjects such as open burning, storing flammable and hazardous materials and firework regulation and then contracting with the fire district to enforce the code's inspection and enforcement provisions.
A city may enter into a contract that aids in the performance of its public duties. K.S.A. 12-101; McQuillin Municipal Corporations § 29.03 (3d ed.). Our concern is whether the fire district is statutorily authorized to enforce a city's fire prevention code. K.S.A. 19-3601a
authorizes a fire district to, among other things, "enter contracts" and "do all other things necessary to effectuate the purposes of this act." The purpose of the fire district act is to provide "for the protection of lives and property from the hazards of fire." K.S.A. 19-3602.
While K.S.A. 19-3601 et seq. do not address the issue of whether a fire district may enforce a city's fire prevention code, it is our opinion that K.S.A. 19-3601a provides the implied authority to do so because enforcing a city's fire prevention code furthers the protection of lives and property.
Our conclusion is buttressed by other provisions of the act that authorize agreements between a fire district and a city for fire prevention services. [See K.S.A. 19-3608: fire district may contract with city for fire protection services and for operation and maintenance of district fire equipment; K.S.A. 19-3609: fire district and city may construct a building to house city and/or district fire equipment.] Furthermore, in Attorney General Opinion No. 90-75, former Attorney General Robert Stephan concluded that a fire district has the implied authority to provide fire protection services to individuals owning property outside the boundaries of a fire district if the provision of such services involves protecting property within the district.
 "We find no statutory discussion in K.S.A. 19-3601 et seq. addressing the provision of services to private entities or individuals owning property outside the boundaries of a fire district. The statutes do not expressly require, permit or prohibit such a practice. Thus, we must determine whether implied authority permits a fire district to provide fire protection services to property located outside the boundaries of the district.
. . . .
 "The language contained in K.S.A. 19-3601a expressly permits a fire district to enter into contracts and to do all things necessary to effectuate the purposes of this act. Thus, a fire district may enter into express contracts . . . and take actions necessary to effectuate the purposes of the act. Implied authority may permit certain extra territorial contracts or provision of services. However, a fire district is not required by law to provide extraterritorial services. Rather, such services may only be provided when statutorily approved or instances which promote the purposes of the fire district.
 "The purpose of creating a fire district is to provide fire protection to the property within the boundaries of the fire district. Thus, all activities engaged in by a fire district must promote such a purpose. The provision of services to property located outside the boundaries of a fire district should be limited to situations involving protection of property within the district. . . ."
This same rationale applies here in that the fire district's enforcement of a city's fire prevention code will ultimately protect lives and property within the district by preventing fire from occurring in the first place. Therefore, Butler county fire district no. 1 may contract with the city of Andover to enforce the latter's fire prevention code.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm